JAMES V. G. DUBOIS, RESPONDENT, *v.* THE CITY OF KINGSTON, APPELLANT.

*Statute of limitation — when amendments thereto are applicable to existing causes of action — ch. 431 of 1877.*

Under subdivision 5 of section 91 of the Old Code, "an action for criminal conversation, *or for any other injury to the person or rights of another, not arising on contract, and not hereinafter enumerated,*" might be brought within six years. By chapter 431 of 1876 (passed May 26th of that year), there was added to section 94 of the Code, prescribing the actions which must be brought within one year, a second subdivision as follows, viz.: "An action for injury to the person." It was provided therein that the act should take effect July 1, 1876.

This action was commenced by the plaintiff on July 23, 1877, to recover damages for an injury sustained on November 22, 1872, occasioned by his stumbling over an obstruction on a side-walk in the city of Kingston, alleged to have been negligently suffered to remain there by the defendant.

*Held,* that since the amendment of 1876, an action for injury to the person such as the present one must be brought within one year from the time the accident occurred.

That the amended act was applicable to the plaintiff's case, and that no action could be maintained by him after July 1, 1877.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a a new trial, made upon the minutes of the justice before whom the action was tried.

*Charles M. Preston* and *Howard Chipp, Jr.,* for the appellant.

*John E. Van Etten,* for the respondent.

LEARNED, P. J.:

This action was commenced July 23, 1877. It is brought to recover damages to the plaintiff's person, occasioned, on the 22d day of November, 1872, by his stumbling over an obstruction on the side-walk, alleged to have been negligently suffered to remain there by the defendants. The defendant insists that the action is barred by the statute of limitations.

The Old Code (§ 91, sub. 5) established a six years' limitation for "an action for criminal conversation, or for any other injury to the person or rights of another not arising on contract, and not hereinafter enumerated." The exception made by the words "not hereinafter enumerated," was important; because in sections 92, 93 and 94 there are several actions mentioned which are for injury to the rights or person of another, not arising on contract.

By chapter 431 of the Laws of 1876, passed May twenty-six, a second subdivision was added to section 94, in these words: "An action for injury to the person," which establishes the limitation of one year for such an action. As the statute stood after this amendment, section 91 provided a limitation of six years for injury to the person or rights of another, not arising on contract and not hereinafter enumerated; and section 94 provided a limitation of one year for an action for injury to the person. This

act by its terms was to take effect the 1st of July, 1876 ; so that, if applicable to the plaintiff's cause of action, it still allowed one month, after its passage, within which he might sue. (*Terry* v. *Anderson*, 5 Otto, 628.)

The case of *McGuffin* v. *Cohoes* (18 [Sup. Ct.], N. Y., 531), cited by the plaintiff, has no bearing on the present question. The case of *The People* v. *Lord* (19 [Sup. Ct.] N. Y., 282) passed on the effect of an extension of time in criminal cases, and is expressly distinguished by the court from questions of a similar character in civil cases.

The general rule is that a statute, only impairing the remedy, is constitutional, especially when it operates merely by way of limitation in point of time. (*Jackson* v. *Griswold*, 5 Johns., 142; *Butler* v. *Palmer*, 1 Hill, 324; *In Matter of Palmer*, 40 N. Y., 561.) And there is a further consideration that this is not an action on contract, but for personal injuries arising out of the defendants' wrong doing. No authority is cited to show that a mere cause of action for tort, causing a personal injury, is within the constitutional protection.

The plaintiff cites the old statute of limitations (2 R. S. [m. p.] 295, § 18, subd. 4), claiming that that subdivision would have applied to the present action. But certainly subdivision seven would have been more applicable, which is : "All special actions on the case for criminal conversation for libel, *or for any other injury* to the person or rights of any, except," etc. This subdivision corresponds with subdivision 5, section 91 (Old Code). ·

It seems to us that the present action is plainly one for injury to the person. Assault, battery, and false imprisonment are provided for in section 93. The injury meant in section 94, subdivision 2, must therefore, be one which does not come within the definition of those mentioned in section 93; that is an injury caused indirectly, such as were formerly sued upon by action on the case.

This action seems therefore to us to have been barred.

The judgment must be reversed and a new trial granted, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

Judgment reversed and new trial granted, costs to abide event.